UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GEORGE R. ENCLARDE

VERSUS

LOUISIANA'S (LaDOTD), ET AL.

CIVIL ACTION

NUMBER 13-56-SCR

## RULING ON MOTION TO DISMISS

Before the court is the Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction Pursuant to 12(b)(2) and 12(b)(5) filed by defendants Louisiana Department of Transportation and Development, Stephanie Ducote, and Kathy Horsfall. Record document number 18. The motion is opposed.[1]

On January 24, 2013, the plaintiff filed a Complaint against the defendants alleging claims of racial discrimination in under Title VII, unequal pay, and violations the First Amendment and LaDOTD's Civil Service rules. That same day the plaintiff filed a Motion for Leave to Proceed in Forma Pauperis and an Application Under Section 706(f) of Civil Rights Act of 1964 seeking appointment of an attorney to represent him.[2]

Defendants moved to dismiss the plaintiff's claims based upon his alleged failure to serve the summons and complaint within a

---

[1] Record document number 22.

[2] Record document numbers 2 and 4, respectively.

reasonable time under Rule 12(b)(5). Defendants asserted that under Rule 4(m), Fed.R.Civ.P. the plaintiff was required to serve the defendants within 120 days. Defendants argued that they were not served with the plaintiff's complaint and summons until 138 days after the filing of the complaint, on June 10, 2013.[3]

Plaintiff opposed the motion, arguing that he complied with the service requirement under Rule 4 because service was made within the appropriate time after this Court ruled on his motions to proceed in forma pauperis and for appointment of an attorney on May 16, 2013.

Rule 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Considering the plaintiff's motions and the date of this Court's rulings on them, the plaintiff has shown that good cause exists to extend the time delay for service beyond the 120-day time period under Rule 4(m).[4]

Accordingly, the Defendant's Motion to Dismiss for

---

[3] Record document number 12.

[4] The case relied upon by the defendants in support of their motion, *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505 (E.D.La. Jun 28, 1985), is neither controlling nor applicable to the facts presented in this case.

Insufficient Service of Process and Lack of Personal Jurisdiction Pursuant to 12(b)(2) and 12(b)(5) is denied, and the time for service is deemed extended through the actual date of service on the defendants.

Baton Rouge, Louisiana, August 26, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE