UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE R. ENCLARDE

VERSUS

LOUISIANA'S (LaDOTD), ET AL.

CIVIL ACTION

NUMBER 13-56-SCR

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the Motion to Compel Discovery Responses filed defendants Louisiana Department of Transportation and Development, Stephanie Ducote and Kathy Horsfall. Record document number 25. No opposition or other response has been filed, and the time to do so has expired.

At issue in this motion are the plaintiff's responses to Interrogatory Nos. 3, 4, 5, 9, 11, 12, 13, 14, 20 and 22, and his responses to the defendants' 13 requests for production of documents.

Plaintiffs discovery responses have been reviewed. For the reasons stated by the defendants, his responses to the disputed interrogatories are evasive or vague, or both. Plaintiff failed to provide detailed information, or he just referred generally to the five-page, single-spaced SUMMARY OF FINDINGS filed as part of his Complaint.

As to the document requests, the plaintiff's objections are

meritless and his responses are meaningless.[1]  Also, the plaintiff has apparently failed produce the documents he indicated he would produce.

Defendants also sought an award of expenses incurred in connection with this motion.  Plaintiffs responses and objections were not substantially justified and no circumstances make an award of expenses unjust.[2]  Pursuant to Rule 37(a)(5)(A), the defendants are awarded their reasonable expenses.  Defendants did not submit anything in support of a particular amount of expenses.  A review of the defendants' motion and supporting materials supports finding that the amount of $300 is reasonable.

Accordingly, the defendants' Motion to Compel Discovery Responses is granted.  Plaintiff shall serve supplemental answers to Interrogatory Nos. 3, 4, 5, 9, 11, 12, 13, 14, 20 and 22, and produce all documents responsive to the defendants's Request for Production of Documents, by January 24, 2014.  **Failure to do so may result in the plaintiff being prohibited from using, in connection with any motion or at trial, any information and documents not provided or produced.**[3]  Plaintiff shall also pay to the defendants

---

[1] For example, the plaintiff objected to producing his tax returns.  These would be relevant to his claims for lost wages, back pay and front pay.

[2] The fact that the plaintiff is proceeding in forma pauperis does not shield him from a monetary discovery sanction.

[3] Rule 37(b)(2)(A), Fed.R.Civ.P. (also providing that (continued...)

their reasonable expenses in the amount of $300, by January 31, 2014.

Baton Rouge, Louisiana, January 13, 2014.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
alternative or additional sanctions may be imposed).